# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PANGANG GROUP COMPANY, LTD., PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD.; PANGANG GROUP TITANIUM INDUSTRY, LTD; and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY,<br><br>Defendants. | Case No. 11-cr-00573-JSW-7-10<br><br>**NOTICE OF QUESTIONS FOR HEARING ON DEFENDANTS' MOTION TO DISMISS INDICTMENT**<br><br>Re: Dkt. No. 1193 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON August 13, 2019 AT 1:00 p.m.:

The Court does not wish to hear the parties reargue matters addressed in their briefs or argument on issues not covered by the questions. The parties shall not file written responses to this Notice of Questions. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies of those authorities available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites but without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

1. Are the Pangang Defendants conceding they are foreign instrumentalities, as that

term is defined in the FSIA?  *See* 28 U.S.C. § 1603(b).  Or, for purposes of this motion, are they accepting as true the Government's allegations that they are foreign instrumentalities?

2. What is the Pangang Defendants' best argument that, if the FSIA applies in criminal cases, its exceptions must be limited to civil cases?  *See* 28 U.S.C. § 1605(a) (stating that "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States *in any case*" fitting within listed exceptions).

3. If the Court were to follow the rationale set forth in *In re Grand Jury Subpoena*, 912 F.3d 623 (D.C. Cir. 2019) and assume that the FSIA applies in criminal cases, what is the Government's response to the Pangang Defendants' argument on reply that the allegations in this case do not support the commercial activity exception?

4. Apart from their argument that their motion to dismiss was filed in accordance with the Court's schedule, do the Pangang Defendants have anything to add to show the waiver exception would not apply in this case?  *See, e.g., United States v. Campa*, 529 F.3d 980, 1001 (11thg Cir. 2008) ("[A]n appearance … in an action, without challenge to the jurisdiction of the court, is a waiver of immunity from jurisdiction to adjudicate that action," a principle that "applies whether the party asserts immunity from criminal or civil jurisdiction.") (quoting and citing Restatement (Third) of Foreign Relations Law §§ 456(2)(c) & cmt. b, 421(3) & cmt. b).

5. The parties also argue about whether Section 1831 criminalizes the Pangang Defendants' conduct or whether the reference to a foreign instrumentality serves only to inform the requisite scienter.

a. What is the Government's response to the Pangang Defendants' argument on reply that the term "whoever" cannot encompass foreign sovereign entities?

b. 18 U.S.C. section 1831(b) applies to organizations.  If a corporation can be deemed a "person" and if a foreign instrumentality includes a corporation or other entity, do the Pangang Defendants have any additional authority to show that the term "whoever" in Section 1831

//

//

//

1 necessarily excludes them from its scope?

2 **IT IS SO ORDERED.**

3 Dated: August 9, 2019

4 _____

JEFFREY S. WHITE
United States District Judge