UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PANGANG GROUP COMPANY, LTD.,<br><br>Defendant. | Case No. 11-cr-00573-JSW-7-10<br><br>**NOTICE OF QUESTIONS FOR HEARING ON SECOND MOTION TO DISMISS THIRD SUPERSEDING INDICTMENT**<br><br>Re: Dkt. No. 1295 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON January 14, 2022, at 9:00 a.m.  The Court does not wish to hear the parties reargue matters addressed in their briefs, and the parties shall not file written responses to this Notice of Questions.  If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and all opposing parties of these authorities by no later than **2:00 p.m. on Thursday, January 13, 2022**.  The Court will make exceptions for authorities issued *after* that date and time.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities, with pin cites.  They shall not submit additional argument or briefing on the authorities.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court has posed these questions starting with the premise that, as a threshold matter and whether common law or whether the Foreign Sovereign Immunities Act ("FSIA") governs, the Pangang Defendants must be able to establish they are entities entitled to assert sovereign immunity.  *See United States v. Pangang Group Co., Ltd.*, 6 F.4th 946, 950 (9th Cir. 2021).  If either party disagrees with that premise, they shall advise the Court of that fact at oral argument.

1. The Government argues the Pangang Defendants fail to show good cause to consider arguments they did not raise in their initial motion. (Opp. at 23 n.6.) Given that the Pangang Defendants' motion raise issues that go to the Court's jurisdiction, what is the Government's best argument that the Court should not consider those arguments? *See, e.g., United States v. Pangang Group Co., Ltd.*, 6 F.4th 946, 959 (9th Cir. 2021) ("Because the issue goes to subject matter jurisdiction, we are not bound by the Government's failure to object below to the Pangang Companies' argument on this score.").

2. In November 2021, the Ninth Circuit held "that an entity is entitled to foreign sovereign immunity, if at all, only under the FSIA. If an entity does not fall within the Act's definition of 'foreign state,' it cannot claim foreign sovereign immunity. Period." *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 17 F.4th 930, 937 (9th Cir. 2021).

    a. What are the parties' views of the impact of *WhatsApp* on this case?

    b. If the Court concludes that *WhatsApp* is binding on the immunity issue, and if it concludes that any, or all, of the Pangang Defendants do not fall within the FSIA's definition of foreign instrumentality, would they agree the Court cannot consider their alternative argument that they are immune from prosecution under the common law?

3. If the Court does reach that alternative argument, does the Government have any authority to show that common law sovereign immunity includes a waiver exception?

4. The Pangang Defendants argue the record is sufficient to make a *prima facie* showing that, under the FSIA, they are organs of the PRC, *see* 28 U.S.C. § 1603(b)(2), and rely on evidence filed by the Government in connection with its opposition to their original motion to quash. (*See* Dkt. Nos. 124-127, Declaration of Andrew Szamosszegi and exhibits thereto.)

    a. The Government has not responded to this argument in its opposition. What is the Government's best argument that it has not conceded that the Pangang Defendants have made a *prima facie* showing they are foreign instrumentalities based on that portion of Section 1603(b)(2)?

    b. Do the citations to the record at pages 10 through 12 of the Pangang Defendants' motion constitute the universe of facts on which they rely to make a prima facie showing they are

"organs" of the PRC?  *See Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1098 (9th Cir. 2008) (setting forth factors to consider in determining whether an entity qualifies as an organ of a foreign state, under the FSIA).

        c.      In his declaration, Mr. Szamosszegi attested that by 2010, Pangang Group had been merged into and was 100% owned by Anshan Iron and Steel Group Corporation.  (Szamosszegi Decl., ¶ 20.)  The Pangang Group attests that the actual transfer of shares did not occur until 2014.  (Declaration of Zi Chun Wang, ¶ 7, Ex. C.)  That exhibit suggests that Ansteel Group Corporation Limited made a capital contribution to Pangang Group in 2009.  Why does that fact not corroborate the assertions in Mr. Szamosszegi's declaration?

        d.      How does the Government respond to the Pangang Group's reply argument that, as an evidentiary matter, the facts set forth in the Wang Declaration and its exhibits can be considered by the Court?  (*See* Reply at 3:6-20.)  Assuming the Court considers that declaration and its exhibits, how should the Court treat any factual disputes created by the Wang and Szamosszegi declarations and their exhibits for purposes of resolving the motion?

        e.      Must the Court completely ignore the fact that the Szamosszegi Declaration and its exhibits has been available to the Pangang Defendants since 2012?

**IT IS SO ORDERED**.

Dated: January 12, 2022

_____
JEFFREY S. WHITE
United States District Judge